Patricia P. Hollenbeck SBN 121765
Heather U. Guerena SBN 238122
**DUANE MORRIS LLP**
101 West Broadway, Suite 900
San Diego, CA 92101
Telephone: 619.744.2200
Facsimile: 619.744.2201
E-Mail:   phollenbeck@duanemorris.com
          huguerena@duanemorris.com

Attorneys for Plaintiffs
Little Caesar Enterprises, Inc. and
LC Trademarks, Inc.

FILED
07 OCT 30 PM 3:54
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Little Caesar Enterprises, Inc., and LC Trademarks, Inc., <br><br> Plaintiffs, <br><br> v. <br><br> Stephen Nissou, dba Pizza Xpress, <br><br> Defendant. | Case No. 07 CV 2085 IEG (CAB) <br><br> **COMPLAINT** |

Plaintiffs Little Caesar Enterprises, Inc. and LC Trademarks, Inc., for their complaint, state:

**Parties and Jurisdiction**

1. Plaintiff Little Caesar Enterprises, Inc. ("LCE") is a Michigan corporation with its principal place of business at Fox Office Centre, 2211 Woodward Avenue, Detroit, Michigan 48201-3400. LCE is engaged in the business of operating and franchising in states other than California distinctive styles of restaurants under the trade name "Little Caesars."

2. Plaintiff LC Trademarks, Inc. ("LCT") is a Michigan corporation with its principal place of business at Fox Office Centre, 2211 Woodward Avenue, Detroit, Michigan 48201-3400. LCT is engaged in the business of operating and franchising in California distinctive styles of restaurants under the trade name "Little Caesars." LCT is also the owner of the trademarks used in

COMPLAINT

the Little Caesar system. Plaintiffs are sometimes collectively referred to as "Little Caesars" or "Little Caesar."

3. Defendant Stephen Nissou operates Pizza Xpress having an address at 1270 Broadway, El Cajon, California.

4. On information and belief, Defendant is a citizen of California.

5. This court has jurisdiction under 28 U.S.C. § 1338, as well as 15 U.S.C § 1121, and 28 U.S.C. § 1367(a). This court also has jurisdiction under 28 U.S.C. § 1331 in that Plaintiffs are citizens of Michigan, Defendant is a citizen of California, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

**Little Caesar's Trade Dress**

6. One of the distinguishing characteristics of the Little Caesar system is the consistent and distinctive appearance of its restaurants (the "Trade Dress").

7. The Trade Dress does not include any functional elements.

8. Alternatively, to the extent the Trade Dress includes one or more functional elements, they are protected as part of the overall Trade Dress.

9. The visual elements and effects of the Trade Dress in combination create a distinctive total overall visual impression.

10. The Trade Dress is inherently distinctive.

11. Alternatively, to the extent the Trade Dress is not inherently distinctive, the Trade Dress has acquired secondary meaning because the purchasing public associates the dress with a particular source.

12. Defendant's deliberate copying of Little Caesar's Trade Dress creates an inference of secondary meaning.

13. Defendant's use of Little Caesar's Trade Dress is likely to confuse customers as to the source of Defendant's products and services.

14. The products and marketing channels of the parties are nearly identical.

**Little Caesar's Mark**

15.  Another distinguishing characteristic of the Little Caesar system is its trademark/service mark "HOT-N-READY" (the "Mark") registered on the Principal Register of the United States Patent and Trademark Office, Registration No. 3,030,991, for "HOT-N-READY" for restaurant services and Registration No. 2,716,691 for "HOT-N-READY" for sandwiches.

**Defendant's Wrongful Conduct**

16.  Defendant opened his Pizza Xpress restaurant in late July or early August 2007.

17.  On information and belief, Defendant induced an LCT franchisee to breach its confidentiality and non-competition franchise agreement provisions. For example, Defendant induced a franchisee to purchase a Little Caesar proprietary pizza warmer and other items from Little Caesar for Defendant's use.

18.  On information and belief, Defendant is a relative of a former Little Caesar franchisee.

19.  Defendant deliberately copied Little Caesar's Trade Dress in the interior appearance of his Pizza Xpress, including the use of the same color scheme, tile patterns, service counter configuration, and lobby configuration.

20.  Defendant deliberately used a confusingly similar mark, "Ready & Hot" to advertise a similar offer, namely the sale of ready-to-go large pepperoni pizzas for $5.

21.  On August 15, 2007, Little Caesar's trademark counsel sent Defendant notice of Little Caesar's rights and of Defendant's infringement.

**Irreparable Injury to Little Caesar**

22.  Little Caesar's Trade Dress and Mark have each become, through the widespread and favorable public acceptance and recognition, an asset of substantial value as a symbol of Little Caesar, its quality products and its goodwill.

23.  Little Caesar and its franchisees, by using the Trade Dress and the Mark, have promoted and advertised the services and operations of Little Caesar stores through various media, and Little Caesar stores have met with widespread public approval. The system, as well as the

quality and service associated with Little Caesar stores, have created demand for Little Caesar products and goodwill among customers in various parts of the United States.

24. Defendant's wrongful conduct, including the unauthorized wrongful use of Little Caesar's Trade Dress and a confusingly similar mark, are irreparably injuring Little Caesar's goodwill, reputation and other valuable property rights in the Trade Dress and the Mark. These injuries are incapable of being fully compensated by money damages.

25. The public, when it enters a Little Caesar's store utilizing the Trade Dress, the Mark and other marks located at the store, has a right to expect that the store is operating in accordance with Little Caesar's system. By operating with Little Caesar's Trade Dress and a confusingly similar mark, Defendant is acting as if he is affiliated with Little Caesar and the public will incorrectly believe that the Defendant is affiliated with Little Caesar.

26. These actions are thus irreparably injuring Little Caesar's goodwill, reputation, and other valuable property rights in Little Caesar's Trade Dress and the Mark. These injuries are incapable of being fully compensated by money damages.

27. The only way to avoid this irreparable injury is an injunction that would prohibit Defendant from using Little Caesar's Trade Dress and a confusingly similar mark.

## COUNT I
## LANHAM ACT FALSE DESIGNATION OF ORIGIN

28. Plaintiffs restate and re-allege paragraphs 1-27 as and for this paragraph as though fully set forth herein.

29. Defendant's continued use of Little Caesar's Trade Dress and a confusingly similar mark violates the Lanham Act, 15 U.S.C. § 1125(a), because, among other things, it:

    a. misappropriates Little Caesar's goodwill, reputation and other valuable property rights in Little Caesar's Trade Dress and the Mark;

    b. tends to confuse the public into believing that Defendant is affiliated with Little Caesar and that Little Caesar originates or sponsors Defendant's products;

    c. tends to falsely describe or represent Defendant's products by causing and allowing confusion as to the source of the goods; and

   d.  misrepresents the nature of Defendant's goods and commercial activities.

30. Plaintiffs have been damaged and irreparably injured as a result of these actions.

## COUNT II
## LANHAM ACT TRADEMARK INFRINGEMENT

31. Plaintiffs restate and re-allege paragraphs 1-30 as and for this paragraph as though fully set forth herein.

32. Little Caesar has made continuous use of the Mark from the date of registration to the present.

33. The customers for Little Caesar products are identical to the customers for the products sold by Defendant in the same market area, and in identical channels of commerce.

34. A likelihood of confusion exists between Defendant's use of a confusingly similar mark and Little Caesar's use of the Mark and this Defendant's use is likely to cause confusion, mistake and to deceive.

35. Defendant has adopted and used a confusingly similar mark after notice of Little Caesar's rights under its registration, as provided by 15 U.S.C. § 1072.

## COUNT III
## COMMON LAW TRADEMARK DILUTION, TRADEMARK INFRINGEMENT, AND UNFAIR COMPETITION

36. Plaintiffs restate and re-allege paragraphs 1-35 as and for this paragraph as though fully set forth herein.

37. Defendant's use of Little Caesar's Trade Dress and a confusingly similar mark to promote the sale of Defendant's products will dilute the association of Little Caesar's Trade Dress and Mark with products offered now and in the future by Little Caesar and will diminish their distinctiveness, effectiveness and value.

38. By reason of the above, Defendant is liable for common law dilution of Little Caesar's proprietary Trade Dress and Mark.

39. By reason of the above, Defendant is liable to Plaintiffs for common law trademark infringement and unfair competition.

40. Plaintiffs have been damaged and irreparably injured as a result of these actions.

## COUNT IV
## UNJUST ENRICHMENT

41. Plaintiffs restate and re-allege paragraphs 1-40 as and for this paragraph as though fully set forth herein.

42. Through unlawful and improper means, Defendant has obtained the benefits of Little Caesar's commercial opportunities, Mark and goodwill.

43. Defendant will be enriched unjustly if he is allowed to profit through this unlawful conduct.

## COUNT V
## INTERFERENCE WITH CONTRACT

44. Plaintiffs restate and re-allege paragraphs 1-43 as and for this paragraph as though fully set forth herein.

45. LCT entered into a franchise agreement with Habib Hannah and/or his corporation Hannaco Group, Inc. This agreement included confidentiality and non-competition provisions.

46. Defendant was aware of this agreement.

47. Defendant tortuously and unlawfully induced this Little Caesar franchisee, Habib Hannah and/or his corporation Hannaco Group, Inc., to breach its agreement with LCT.

48. Plaintiffs have been damaged by this conduct.

## COUNT VI
## VIOLATION OF CALIFORNIA UNFAIR COMPETITION ACT
## Bus. & Prof. C. § 17200 et seq.

49. Plaintiffs restate and re-allege paragraphs 1-48 as and for this paragraph as though fully set forth herein.

50. Through the use of LCT's trademark, Trade Dress, and the Mark, Little Caesar, and its franchisees, have created demand for Little Caesar products and goodwill among customers in various parts of the United States.

51. Defendant's wrongful conduct, including but not limited to the intentional use of the same color scheme, tile patterns, service counter configuration, lobby configuration, and similar mark constitute unfair competition, as defined by California Business and Professions Code section 17200 *et seq*.

52. The acts are misleading to the general public because of the similarity between Defendant's scheme and Plaintiffs' registered trademark, Trade Dress and other distinctive trade practices.

53. Defendant's wrongful conduct irreparably injured and continues to injure Little Caesar's goodwill, reputation and other valuable property rights in the Trade Dress and the Mark.

54. By reason of Defendant's conduct, Plaintiffs are entitled to a permanent injunction prohibiting Defendant from continuing the unfair business practices and an award of punitive damages in an amount sufficient to punish Defendant for his extreme and outrageous conduct pursuant to California Business and Professions Code section 17200 *et seq.*

## COUNT VII
## DECLARATORY RELIEF

55. Plaintiffs restate and re-allege paragraphs 1-54 as and for this paragraph as though fully set forth herein.

56. Plaintiffs bring this request for declaratory judgment pursuant to 28 U.S.C §§ 2201, 2202 and California Code of Civil Procedure section 1060.

57. An actual controversy has arisen and now exists between Plaintiffs and Defendant. Plaintiffs seek a declaratory judgment as to the following controversies:

    a. Little Caesar's Trade Dress and Mark have each become, through the widespread favorable public acceptance and recognition, an asset of substantial value as a symbol of Little Caesar, its quality products and its goodwill;

    b. Defendant misappropriated Little Caesar's goodwill, reputation and other valuable property rights in Little Caesar's Trade Dress and the Mark;

    c. Defendant's wrongful conduct tends to confuse the public into believing that Defendant is affiliated with Little Caesar and that Little Caesar originates or sponsors Defendant's products;

    d. Defendant's use of strikingly similar trade dress and mark tend to falsely describe or represent Defendant's products by causing and allowing confusion as to the source of the goods;

   e.   Such use of confusingly similar trade dress and mark misrepresents the nature of Defendant's goods and commercial activities;

   f.   Plaintiffs' franchise agreement includes confidentiality and non-compete provisions; and

   g.   Defendant induced a franchisee to purchase a Little Caesar proprietary pizza warmer and other items from Little Caesar for Defendant's use in violation of the franchise agreement.

58.   Such declaration is necessary and appropriate at this time in order that Plaintiffs may ascertain their rights and duties with respect to the claims of Defendant for damages.

## COUNT VIII
## INJUNCTIVE RELIEF

59.   Plaintiffs restate and re-allege paragraphs 1-58 as and for this paragraph as though fully set forth herein.

60.   Plaintiffs allege herein causes of action for violation of the Lanham Act, trademark dilution and infringement, interference with contractual relations and for injunctive relief arising out of California Business and Professions Code section 17200 against Defendant herein.

61.   Defendant's wrongful conduct of using Little Caesar's Trade Dress and a confusingly similar mark to promote the sale of Defendant's products dilutes the association of Little Caesar's Trade Dress and Mark with products offered now and in the future by Little Caesar and will diminish their distinctiveness, effectiveness and value.

62.   Defendant should be enjoined from using Little Caesar's Trade Dress and confusingly similar mark, or any variation thereof in any way in connection with their operations, including, without limitation, in any signs, packaging or other materials.

63.   Plaintiffs have no adequate remedy at law because so long as Defendant continues to use Little Caesar's Trade Dress and a confusingly similar mark, Little Caesar's goodwill, reputation and other valuable property rights in the Trade Dress and the Mark will continue to be diluted.

64.   Unless enjoined by the court, Defendant's wrongful conduct will continue to dilute and infringe on Plaintiffs' Mark and Trade Dress, derogating Plaintiff's business, goodwill,

distinctiveness, and value. Moreover, Defendant's will improperly benefit from the goodwill Plaintiffs' have worked hard to establish since its inception.

WHEREFORE, Plaintiffs respectfully pray for the following relief:

1. Preliminarily and permanently enjoining Defendant from using Little Caesar's Trade Dress and a confusingly similar mark, or any variation thereof in any way in connection with their operations, including, without limitation, in any signs, packaging or other materials;

2. Directing Defendant to file with the court and serve on counsel for Plaintiffs within 30 days after entry of any injunction issued by the court in this action, a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the injunction, as provided by the Lanham Act 15 U.S.C. § 1116;

3. Requiring Defendant to account for and pay over to plaintiff all revenues and profits wrongfully derived from the wrongful use of Little Caesar's Trade Dress and a confusingly similar mark as provided by the Lanham Act 15 U.S.C. § 1117;

4. Awarding Plaintiffs damages sustained by reason of these actions, such damages to be trebled in accordance with the Lanham Act 15 U.S.C. § 1117;

5. Preliminarily and permanently enjoining Defendant from using Little Caesar's trade secrets and confidential information;

6. Awarding Plaintiffs, their attorneys' fees and costs in this action, as provided by 15 U.S.C. § 1117;

7. Requiring Defendant to account for and pay over to plaintiff all revenues and profits wrongfully derived from the wrongful use of Little Caesar's Trade Dress and a confusingly similar mark as provided by California Business and Professions Code section 17200 *et seq.*

8. Awarding Plaintiffs punitive damages in an amount sufficient to punish Defendant for his extreme and outrageous conduct pursuant to California Business and Professions Code section 17200 *et seq.*

///

///

9.  Awarding Plaintiffs such further relief as the court may deem just and proper.

Dated: October 29, 2007

DUANE MORRIS LLP

By: *Patricia P. Hollenbeck*
Patricia P. Hollenbeck
Heather U. Guerena
Attorneys for Plaintiffs
Little Caesar Enterprises, Inc. and
LC Trademarks, Inc.

DM1\1217221.1

```
            UNITED STATES
           DISTRICT COURT
        SOUTHERN DISTRICT OF CALIFORNIA
              SAN DIEGO DIVISION

        # 143908      - KD

          October 30, 2007
              15:56:04


          Civ Fil Non-Pris
     USAO #.: 07CV2085
     Judge..: IRMA E GONZALEZ
     Amount.:                  $350.00 CK
     Check#.: BC 33542



     Total-> $350.00



     FROM: CIVIL HIRING
           LITTLE CESAR ENT., INC., ET AL
           NISSOU, ET AL
```

**JS 44** (Rev. 11/04)                                          **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
Little Caesar Enterprises, Inc.
LC Trademarks, Inc.

### DEFENDANTS
Stephen Nissou, dba Pizza Xpress

**(b)** County of Residence of First Listed Plaintiff **Wayne (MI)**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed **San Diego**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Patricia P. Hollenbeck
Duane Morris LLP
101 West Broadway, Suite 900
San Diego, CA 92101-8285
Telephone: 619-744-2200

Attorneys (If Known)
'07 ____ 2085 IEG (CAB)

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☒ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

### V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. Section 1072 et seq.

Brief description of cause:
Unauthorized use of Trade Dress and trademark

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

### VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE: October 29, 2007
SIGNATURE OF ATTORNEY OF RECORD: /s/ Patricia P. Hollenbeck

**FOR OFFICE USE ONLY**
RECEIPT # 143908   AMOUNT $350   APPLYING IFP ___   JUDGE 10/30/07   MAG. JUDGE ___

**ORIGINAL**

American LegalNet, Inc. | www.USCourtForms.com