```
Jose C. Rojo (SBN 196583)
Barbara Treash-Osio (SBN 243164)
LAW OFFICES OF JOSE C. ROJO
3745 4th Avenue
San Diego, California 92103
Telephone:  (619) 298-6522
Facsimile:  (619) 298-7049

Attorneys for Defendant
Stephen Nissou, dba Pizza Xpress
```

# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Little Ceasar Enterprises, Inc. and LC Trademarks, Inc., <br><br> Plaintiffs, <br><br> v. <br><br> Stephen Nissou, dba pizza Xpress, <br><br> Defendant. | Case No. 07-cv-2085IEG(CAB) <br><br> **NOTICE OF MOTION; MOTION TO STRIKE PORTION OF COMPLAINT; [PROPOSED] ORDER** <br><br> Date: February 4, 2008 <br> Time: 10:30 a.m. <br><br> Hon. Irma E. Gonzalez <br> Courtroom 1 |

TO:   PLAINTIFFS AND THEIR ATTORNEYS OF RECORD

PLEASE TAKE NOTICE that in the courtroom of the Honorable Irma E. Gonzalez, on February 4, 2008 at 10:30 a.m. or at such time as is convenient for the court, Defendant, Stephen Nissou, dba Pizza Xpress, through counsel, will and hereby does respectfully move to strike paragraph 18 of Plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(f).

This motion is based upon the attached memorandum of points and authorities, the files and records of this case, and on such further evidence and arguments as may be adducted at the hearing of this matter.

Respectfully submitted,                    LAW OFFICES OF JOSE C. ROJO

Dated: December 12, 2007

                                           By Jose C. Rojo
                                           Attorneys for Steven Nissou, dba Pizza Xpress

1

## MEMORANDUM OF POINTS AND AUTHORITIES

Federal Rule of Civil Procedure 12(f) enables the court to strike from any pleading "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Paragraph 18 of Plaintiffs' complaint alleges "On information and belief, Defendant is a relative of a former Little Ceasar franchisee." This irrelevant and prejudicial paragraph in within the portion of the complaint entitled "**Defendant's Wrongful Conduct**." The allegation in the paragraph is irrelevant because it does not help Plaintiffs prove any cause of action. The allegation is prejudicial because it intends to imply knowledge or motive.

"[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). Motions to strike are usually only granted if the allegations in the pleading have no possible relation to the controversy, and may cause prejudice to one of the parties. *See* 5A C. Wright & A. Miller, Federal Practice and Procedure, § 1380 (3d ed. 2004). "Motions to strike are generally not granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *LeDuc v. Kentucky Cent. Life Ins. Co.*, 814 F. Supp. 820, 830 (N.D. Cal. 1992).

The allegation in paragraph 18 is irrelevant because it does not help Plaintiffs prove any cause of action. The allegation in paragraph 18 is prejudicial because it intends to imply knowledge or motive. Therefore, paragraph 18 should be stricken from Plaintiffs' complaint.

Respectfully submitted,
Dated: December 10, 2007

LAW OFFICES OF JOSE C. ROJO

By Jose C. Rojo
Attorneys for Steven Nissou, dba Pizza Xpress

**Case No.:** Case No. 07-cv-2085IEG(CAB)
**Case Name:** Little Ceasar Enterprises, Inc. and LC Trademarks, Inc., v. Stephen Nissou, dba pizza Xpress,

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 3745 Fourth Avenue, San Diego, CA 92103. On December __, 2007 I served the following documents:

**DEFENDANT'S MOTION TO STRIKE PORTION OF COMPLAINT**

____ By transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

_X_ By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Diego, California addressed as set forth below.

____ By personally delivering the document(s) listed above to the person(s) at the address(es) set forth below

Patricia P. Hollenbeck
Duane Morris LLP
101 West Broadway, Suite 900
San Diego, CA 92101-8285

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury under the laws of the United States that the forgoing is true and correct.

Executed on December 10, 2007 at San Diego,

*[signature]*
Barbara Treash-Osio