Jose C. Rojo (SBN 196583)
Barbara Treash-Osio (SBN 243164)
LAW OFFICES OF JOSE C. ROJO
3745 4th Avenue
San Diego, California 92103
Telephone:  (619) 298-6522
Facsimile:  (619) 298-7049

Attorneys for Defendant
Stephen Nissou, dba Pizza Xpress

## IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Little Ceasar Enterprises, Inc. and LC Trademarks, Inc.,<br><br>　　　　　　　　Plaintiffs,<br><br>v.<br><br>Stephen Nissou, dba Pizza Xpress,<br><br>　　　　　　　　Defendant. | Case No. 07-cv-2085IEG(CAB)<br><br>**DEFENDANT'S UNVERIFIED ANSWER TO PLAINTIFFS' UNVERIFIED COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

　　　Defendant Stephen Nissou, dba Pizza Xpress Answers the Unverified Complaint filed by Plaintiffs on or about October 30, 2007, as follows.

1. In response to Paragraphs 1, 2, 15, 21, 22, 23, 28, 31, 32, 33, 36, 41, 44, 45, 46, 49, 50, 55, 56, and 59, Defendant lacks sufficient knowledge, information and belief to admit or deny the allegations contained therein and therefore deny the allegations on that ground.

2. In response to Paragraphs 6, 7, 8, 9, 10, 11, 12, 13, 14, 17, 19, 20, 24, 25, 26, 27, 29a-d, 30, 34, 35, 37, 38, 39, 40, 42, 43, 47, 48, 51, 52, 53, 54, 57a-g, 58, 60, 61, 62, 63, and 64, Defendant denies each and every allegation contained therein.

3. In response to Paragraphs 3 and 4 Defendant admits the allegations contained therein.

4. In response to Paragraph 16 Defendant admits the allegations contained therein except that

Defendant did not "open" Pizza Xpress but rather purchased an existing pizza establishment and renamed it Pizza Xpress.

5. In response to Paragraph 5 Defendant admits that this court has jurisdiction under 28 U.S.C. § 1338 and 28 U.S.C. § 1367(a). In response to the remaining allegations in Paragraph 5 Defendant lacks sufficient knowledge, information and belief to admit or deny the allegations contained therein and therefore deny the allegations on that ground.

6. As and for a separate affirmative defense to the Complaint and to each of the alleged causes of action thereof, on information and belief, Defendant alleges:

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

#### Invalid Marks

The answering Defendant affirmatively alleges as a defense that Plaintiffs' alleged trade marks are invalid.

### SECOND AFFIRMATIVE DEFENSE

#### Generic Marks

The answering Defendant affirmatively alleges as a defense that Plaintiffs' alleged trademarks and trade dress are generic.

### THIRD AFFIRMATIVE DEFENSE

#### Functional Trade Dress

The answering Defendant affirmatively alleges as a defense that Plaintiffs' alleged trade dress is functional.

### FOURTH AFFIRMATIVE DEFENSE

#### Absence of Likelihood of Confusion

The answering Defendant affirmatively alleges as a defense that consumers are not likely to be confused as to the source, origin, sponsorship, or approval of Defendant's goods.

### FIFTH AFFIRMATIVE DEFENSE

#### Descriptiveness

The answering Defendant affirmatively alleges as a defense that Plaintiffs' alleged trade

marks are descriptive.

### SIXTH AFFIRMATIVE DEFENSE
#### Failure to State a Cause of Action

The answering Defendant affirmatively alleges as a defense that the Complaint fails to state sufficient facts to constitute a cause of action against Defendant.

### SEVENTH AFFIRMATIVE DEFENSE
#### Assumption of Risk

The answering Defendant affirmatively alleges as a defense that Plaintiffs assumed the risk regarding the conduct and activities set forth in the complaint.

### EIGHTH AFFIRMATIVE DEFENSE
#### Statute of Limitations

The answering Defendant contends that Plaintiffs' action is barred under the applicable statute of limitations including, but not limited to, Code of Civil Procedure Sections 336, 336(a), 337, 337(a), 337.1, 337.15, 337.2, 338, 339, 339.5, 340, 340.1, 340.2, 340.3, 340.5, 340.6, 343, 346 and 347.

### NINTH AFFIRMATIVE DEFENSE
#### Doctrine of Laches

The answering Defendant contends that Plaintiffs' action is barred by the Doctrine of Laches.

### TENTH AFFIRMATIVE DEFENSE
#### Doctrine of Unclean Hands

The answering Defendant affirmatively alleges as a defense that Plaintiffs seek equitable relief from this court, but have failed themselves to do equity; therefore, they are barred from relief by the doctrine of unclean hands.

### ELEVENTH AFFIRMATIVE DEFENSE
#### Waiver

The answering Defendant affirmatively alleges as a defense that the Plaintiffs have engaged in conduct and activities sufficient to constitute a waiver of any alleged breach of duty, act, omission or any other conduct, if any, as set forth in the Complaint.

### TWELFTH AFFIRMATIVE DEFENSE
#### Estoppel

The answering Defendant affirmatively alleges as a defense that Plaintiffs engaged in

conduct and activities with respect to the subject matter of the Complaint that estopps them from asserting any claims for damages or seeking any other relief against the answering Defendants.

### THIRTEENTH AFFIRMATIVE DEFENSE

### Prevention of Cure

The answering Defendant affirmatively alleges as a defense that Plaintiffs have refused to allow the answering Defendant, or otherwise prevented the Defendant, reasonable opportunities to cure any alleged deficiencies in the performance. Therefore, Plaintiffs are estopped and barred from any claim predicated upon the failure to cure or remedy the alleged deficiencies in performance, if any.

### FOURTEENTH AFFIRMATIVE DEFENSE

### Consent

The answering Defendant affirmatively alleges as a defense that Plaintiffs had full knowledge at the time of events thereon alleged, and with full knowledge, Plaintiffs consented to said acts and voluntarily invited and assumed same. Plaintiffs should, therefore, be barred from any recovery thereon.

### FIFTEENTH AFFIRMATIVE DEFENSE

### Action in Bad Faith

The answering Defendant affirmatively alleges as a defense that the Complaint was brought without reasonable cause and without a good faith belief that there was a justifiable controversy under the facts or the law which warranted the filing of the Complaint against the answering Defendants. Plaintiffs should, therefore, be responsible for all of Defendant's necessary and reasonable defense costs, as more particularly set forth in code of Civil Procedure Section 128.7.

### SIXTEENTH AFFIRMATIVE DEFENSE

### Frivolous Action

The answering Defendant affirmatively alleges as a defense that the Complaint, and each purported cause of action contained therein, was brought without reasonable cause and without a good faith belief that there was a justifiable controversy under the facts and the law to warrant the

filing of the Complaint; Plaintiffs should, therefore, be responsible for all necessary and reasonable defense costs, including attorney's fees, incurred by this answering Defendant.

### SEVENTEENTH AFFIRMATIVE DEFENSE
#### Contributory Negligence of Plaintiff

The answering Defendant contends that at the time and place of the alleged incidents alleged in the Complaint, Plaintiffs did not exercise ordinary care, caution or prudence for the protection of his property, and the resultant damages, if any, sustained by Plaintiffs, were proximately caused by said carelessness and negligence on the part of Plaintiffs, thus barring or diminishing Plaintiffs' recovery.

### EIGHTEENTH AFFIRMATIVE DEFENSE
#### Contributory Negligence of Third Parties

The answering Defendant contends that all damages suffered by Plaintiffs, if any, were the direct and proximate result of the contributory negligence and/or wrongful conduct of parties, persons, corporations or entities other than the answering Defendant, and that the liability of this answering Defendant, if any, is limited in direct proportion to the percentage of fault actually attributable to this answering Defendant.

### NINETEENTH AFFIRMATIVE DEFENSE
#### Failure to Mitigate

The answering Defendant contends that Plaintiff has failed, neglected and refused to mitigate his alleged injury and damages, if any should exist.

### TWENTIETH AFFIRMATIVE DEFENSE
#### Set Off

The answering Defendant contends that Plaintiffs are barred from relief in this action due to a set off.

### TWENTY-FIRST AFFIRMATIVE DEFENSE
#### Accord and Satisfaction

The answering Defendant contends that Plaintiffs' claims for relief are barred by accord and satisfaction.

### TWENTY-SECOND AFFIRMATIVE DEFENSE
#### Non-Waiver of Other Defenses

The answering Defendant preserves such other affirmative defenses that may become available to it by this answer and does not waive subsequent defenses.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

#### Parole Evidence Bar

The answering Defendant contends that to the extent Plaintiff seeks recovery herein based upon any alleged oral modification or agreement, said recovery is barred by reason of the parole evidence rule.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

#### Statute of Frauds

The answering Defendant contends that Plaintiffs are barred from recovery in this action by the Statute of Frauds.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

#### Illegality

The answering Defendant affirmatively alleges as a defense that Plaintiffs' own acts were illegal regarding the transaction and that therefore recovery should be barred. The answering Defendant alleges that Plaintiffs were of equal or greater fault regarding the alleged transactions and the acts and omissions complained of in Plaintiffs' complaint.

**Wherefore, Defendant Steven Nissou, dba Pizza Xpress, Prays for Judgment as Follows:**

For costs of suit and that Plaintiffs take nothing.

Respectfully submitted,                     Law Offices of Jose C. Rojo

Dated: December 10, 2007

_____
By Jose C. Rojo
Attorney for Steven Nissou, dba Pizza Xpress

Case No.: Case No. 07-cv-2085IEG(CAB)
Case Name: Little Ceasar Enterprises, Inc. and LC Trademarks, Inc., v. Stephen Nissou, dba pizza Xpress,

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 3745 Fourth Avenue, San Diego, CA 92103. On December __, 2007 I served the following documents:

**DEFENDANT'S UNVERIFIED ANSWER TO PLAINTIFFS' UNVERIFIED COMPLAINT**

____ By transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

_X_ By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Diego, California addressed as set forth below.

____ By personally delivering the document(s) listed above to the person(s) at the address(es) set forth below

Patricia P. Hollenbeck
Duane Morris LLP
101 West Broadway, Suite 900
San Diego, CA 92101-8285

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury under the laws of the United States that the forgoing is true and correct.

Executed on December 10, 2007 at San Diego,

_____
Barbara Treash-Osio